**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                              :    Chapter 7
In re:                                  :
                                              :    Case No. 06-36098 (cgm)
    SANDRA TAY-KWAMYA,           :
                                              :
                          Debtor.     :
                                              :
---------------------------------------------------------------X

**MEMORANDUM DECISION ON CHAPTER 7 TRUSTEE'S REQUEST FOR
DISMISSAL PURSUANT TO 11 U.S.C. § 521(i) AND GENERAL ORDER M-315**

**A P P E A R A N C E S :**

MICHAEL O'LEARY, ESQ.
225 Dolson Avenue
Middletown, New York 10940
*Chapter 7 Trustee*

LEWIS D. WROBEL, ESQ.
12 Raymond Avenue
Poughkeepsie, New York 12603
*Attorney for Sandra Tay-Kwamya*

**CECELIA G. MORRIS
UNITED STATES BANKRUPTCY JUDGE**

       The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") added 11 U.S.C. § 521(a)(1)(B)(iv), requiring all debtors to provide "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor" and operates together with numerous other provisions of the Bankruptcy Code to ensure a full disclosure of a debtor's income and assets. The specific question before the Court is when information submitted by the Debtor to a Chapter 7 trustee may satisfy the "other evidence of payment" requirement of Section

521(a)(1)(B)(iv) in lieu of all payment advices.  In this case, taking into consideration the totality of the Debtor's circumstances and quality of the other evidence provided by the Debtor to the Chapter 7 Trustee, the Court finds that the Debtor has met the statutory requirements and denies the Chapter 7 Trustee's request to dismiss the case.

### Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Acting Chief Judge Robert J. Ward dated July 10, 1984.  This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) because the issue in dispute concerns the administration of the Debtor's estate.

### Background

Ms. Tay-Kwamya (the "Debtor") filed a petition under Chapter 7 of the Bankruptcy Code on October 18, 2006.  By notice dated November 3, 2006, the Chapter 7 Trustee requested that the Debtor provide him with "copies of all payment advices or other evidence of payment received" within the 60 days prior to her filing, as required by 11 U.S.C. § 521(a)(1)(B)(iv) and by General Order M-315 dated December 8, 2005, U.S. Bankruptcy Court, Southern District of New York (setting forth procedures relating to the implementation of Section 521; hereafter, "General Order M-315").

The Debtor did not provide "all payment advices," and on January 5, 2007 the Chapter 7 Trustee filed a "Request for Dismissal of Case Pursuant to 11 U.S.C. § 521(i)(2) and General Order M-315" (ECF Docket No. 7; hereafter, the "Request for Dismissal").  In response, the Debtor filed an "Affidavit in Opposition" dated March 16, 2007 (ECF Docket No. 21; hereafter, the "Affidavit").  According to the Affidavit, the Debtor had been employed as a retail store clerk prior to filing her case.  The Debtor concedes that she did not provide two "payment

– 2 –

advices" (in this case pay stubs) for two of the pay periods in question (for the paychecks dated September 15, 2006 and September 22, 2006) but did provide pay stubs for the six-week period prior to her bankruptcy filing. Affidavit, ¶4. The Debtor states that the gross pay of the missing pay stubs was $712.94 and that this amount could be verified by reviewing the pay stubs that were submitted to the Chapter 7 Trustee. Affidavit, ¶5. The Debtor also states that she cannot locate the two missing pay stubs, and that she "may have great difficulty" in obtaining duplicate copies from her former employer. Affidavit, ¶6.

The Court scheduled a hearing on the Request for Dismissal. The Chapter 7 Trustee, apparently satisfied by the Debtor's explanation in her Affidavit, indicated at the hearing that he intended to withdraw the Request for Dismissal. For the reasons explained below, the Court determined that it would be more appropriate to consider the issues presented in the Request for Dismissal and address the outstanding issue of what constitutes sufficient "other evidence" in the case of missing payment advices.

## **DISCUSSION**

*A.     This case was not automatically dismissed by operation of Section 521(a)(1)*

Section 521 is captioned "Debtor's duties." Section 521(a)(1) requires a debtor to file various financial information "unless the court orders otherwise." Relevant here is a debtor's duty in Section 521(a)(1)(B)(iv) to file "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor." The term "payment advices" is not defined in the Bankruptcy Code or in legal or general-usage dictionaries. In the context of a consumer debtor, the term "payment advices" is generally understood to mean employee income records or payment information accompanying an employee's paycheck, *i.e.*, a "pay stub." A pay stub normally includes

detailed information for the relevant pay period as well as year-to-date totals. Pay stubs may often include a debtor's social security number or other private information. As permitted by the "unless the court orders otherwise" provision in Section 521(a)(1)(B), General Order M-315 modifies the requirement in Section 521(a)(1)(B)(iv) by directing that payment advices should be provided directly to the Chapter 7 or Chapter 13 trustee prior to the meeting of creditors conducted pursuant to 11 U.S.C. § 341(a), but should not be filed with the Court.

The automatic dismissal provision in Section 521(i) is intended to ensure that debtors comply with the statutory requirement to assist a Chapter 7 trustee with the production of documents necessary for the administration of the estate. If an individual Chapter 7 or 13 debtor fails to file all the documents required by Section 521(a)(1) within 45 days after the date of the filing of the petition, Section 521(i)(1) states that "the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition." Section 521(i)(1) indicates that such automatic dismissal is "subject to" Section 521(i)(2) and (4).

As another court has noted, "the automatic dismissal provision found in § 521(i)(1) presents procedural issues for trustees." *In re Luders*, 356 B.R. 671, 673 (Bankr. W.D. Va. 2006). Section 521(i)(4) provides that upon motion by the trustee filed prior to the 45-day period, and after notice and hearing, a bankruptcy court may decline to dismiss the case "if the court finds that the debtor attempted in good faith to file all the information required by subsection (a)(1)(B)(iv) and that the best interests of creditors would be served by administration of the case." Section 521(i)(1) is also "subject to" Section 521(i)(2), which provides:

> Subject to paragraph (4) and with respect to a case described in paragraph (1), any party in interest may request the court to enter an order dismissing the case. If requested, the court shall enter an order of dismissal not later than 5 days after such request.

General Order M-315 provides the following procedures on any request for an order of dismissal under Section 521(i)(2):

a)  The party in interest will serve a copy of the request on the debtor's attorney and the debtor at the same time that the party in interest sends the request to the Court.

b)  If the debtor objects to the request within five days of service, the debtor's objection will be treated as a request for a hearing, which the Court shall schedule promptly.

c)  No order of dismissal will be entered until the debtor's objection has been resolved, except that nothing herein shall affect the right of any party in interest to seek dismissal, or the authority of the Court to dismiss the case, pursuant to any other provision of applicable bankruptcy law.

Notwithstanding Section 521(i)(2) and General Order M-315, it is possible that a case may be "automatically dismissed" without using either procedure. Taken literally and in the abstract, Section 521(i) creates uncertainty as to whether a Chapter 7 case which may have incomplete documentation is currently proceeding and subject to administration by a trustee and under the jurisdiction of the bankruptcy court, or whether the case has been "automatically dismissed effective on the 46th day after the date of the filing of the petition" because no order appears on the docket. "Section 521(i)(1) does not contemplate any independent action by the Court or any other party – the case is merely dismissed by operation of the statute itself." *In re Fawson*, 338 B.R. 505, 510 (Bankr. D. Utah 2006). Though the uncertainty of an "automatic dismissal" that has not been confirmed by a court order will not only impact a Chapter 7 or 13 trustee charged with administering and monitoring the case, but also the rights of creditors, and ultimately a debtor's ability to reorganize and obtain a discharge. *Cf. In re Wilkinson*, 346 B.R. 539, 545 n. 18 (Bankr. D. Utah 2006) ("quite likely that a plan will be confirmed in a [Chapter 13] case that was actually automatically dismissed under § 521(i)(1)").

> First and foremost, Section 521(a)(1)(B)(iv) only requires the filing of documents which actually exist. If a debtor did not receive payment advices or other evidence of payment from an employer, none are required to be filed. Debtors frequently

> are unemployed or have sources of income such as social security or disability payments which are not from an "employer." Other debtors are self-employed and do not receive "payment advices." Thus, in order to dismiss a case when there are no payment advices of record, a court must determine that such documents exist and were not filed.

*In re Parker*, 351 B.R. 790, 800 (Bankr. N.D. Ga. 2006).  Like *Parker*, *Fawson* acknowledges that a judicial determination is necessary under Section 521(a)(2): "Section 521(i)(2) requires entry of the dismissal order but only if the Court has determined that § 521(i)(1) is applicable." 338 B.R. at 510.  But *Fawson* also stands for the proposition that a case may be automatically dismissed pursuant to Section 521(i)(1) without awaiting any court order or judicial determination.

> If the case were not dismissed under § 521(i)(1) until a party in interest made a § 521(i)(2) request, then what effect would the automatic dismissal language of § 521(i)(1) have? None. The same absurd result would occur were the Court to find that the phrase "Subject to paragraphs (2) and (4)" found at the beginning of § 521(i)(1) required that the Court wait until a party in interest filed a § 521(i)(2) request before dismissing a case. Were this the intended procedure, courts would have cases languishing on their dockets that were "effectively dismissed" on the 46th day. But trustees might continue to administer the case because everyone is awaiting a § 521(i)(2) request. Such an absurd result could not have been what Congress intended.

*In re Fawson*, 338 B.R. 505, 511 (Bankr. D. Utah 2006).  *Fawson* does not explain how the automatic dismissal provision would prevent a defunct case from remaining open on the docket or why the trustee would not inadvertently continue to administer it, absent judicial determination as to whether or not the case is dismissed for noncompliance with Section 521(a)(1).

*In re Jackson*, 348 B.R. 487, 497 (Bankr. S.D. Iowa 2006)*,* takes a contrary view: "while it may be difficult to grasp a concept that something called an 'automatic dismissal' is not really automatic, the 'subject to' language in section 521(i)(1) has that very effect."

> Congress could have limited the trustee to the 45 day period of Code § 521(i)(1) or to the 90 day period of Code § 521(i)(3). Instead, it saw fit to afford the trustee

– 6 –

> a "third bite at the apple" in the event that a party in interest requests the Court to enter a comfort order dismissing the case. Obviously, Congress recognized that it might not be in the best interests of creditors to allow a case to be dismissed as long as the debtor had made a good faith effort to comply with Code § 521(a)(1)(B)(iv).

*In re Brickey*, 2007 WL 643313 at *6. It is not necessary for the Court resolve the question in this case because, as discussed below, the Court finds that "other evidence of payment" was timely[1] provided in satisfaction of the Debtor's duties under Section 521(a)(1), so this case was not automatically dismissed under Section 521(i)(1), and the Court will also deny the Chapter 7 trustee's Request for Dismissal under Section 521(i)(2).

B.  *The Debtor's "other evidence" satisfies the requirements of § 521(a)(1)(B)(iv)*

As evidenced by a number of recent decisions, it is not uncommon for debtors to file an incomplete set of payment advices in a timely fashion. *See e.g. In re Brickey, supra*, 2007 WL 643313 at *7 (one debtor in joint case failed to timely submit two payment advices); *In re Calhoun*, 2007 WL 117725 at *1 (Bankr. E.D. Mo. Jan. 17, 2007) (absent motion by debtor or trustee, court has no discretion to enlarge time to file payment advices); *In re Luders, supra*, 356 B.R. at 673 (debtors did not provide all payment advices for 60-day period, but pay stubs timely filed provided year-to-date totals); *In re Conner*, 2006 WL 1548620 at *1 (Bankr. N.D. Fla. May 16, 2006) (case dismissed by operation of law upon debtor's failure to file "employee income records"); *In re Smith*, 352 B.R. 729 (Bankr. W.D.N.Y. 2006) (case dismissed upon debtor's failure to provide timely payment advices and rejecting the timely filed Schedule I statement of income as sufficient evidence); *In re Parker*, 351 B.R. 790, 799-800 (Bankr. N.D. Ga. 2006) (debtor first claimed he had no payment advices, later argued that his case had been automatically dismissed based upon his failure to submit them); *In re Jackson*, *supra*, 348 B.R.

---

[1] Although the Debtor's Affidavit was submitted after the 45-day period, the Affidavit explained to the Court's satisfaction why the documents that she submitted within the 45-day period were sufficient in this case.

at 489 (debtors claimed omitted payment advice was "due to an incorrectly numbered payment advice received from one of their employers and they promptly corrected the error upon discovering it"); *In re Wilkinson, supra*, 346 B.R. at 540 (case automatically dismissed where one of debtor inadvertently submitted one payment advice for the wrong year); *In re Ott*, 343 B.R. 264, 265 (Bankr. D. Colo. 2006) (denying request to enlarge time period for submission of payment advices due to attorney's excusable neglect).  When all payment advices or other evidence of payment for the past sixty days are not readily available, as is frequently the case, a debtor may file a motion to excuse the filing of incomplete documentation, as permitted by 11 U.S.C. § 521(i)(3).  The burden on debtors to produce these documents can be substantial, and debtors' attorneys may be required to deal with the employer to obtain missing payment advices or to file a Section 521(i)(3) motion.  Henry J. Sommer anticipated this problem, and suggested its solution, prior to the effective date of BAPCPA:

> When all payment advices or other evidence of payment for the past sixty days are not readily available, the debtor may need to file a motion to excuse the filing of some or all of them. For example, consider the debtor who has been terminated by an employer who refuses to cooperate and to provide the documents. It is unlikely that such a motion would be opposed, especially if a year-to-date figure is available on a recent pay stub, and attorneys may develop a form motion for what is likely to be a frequently occurring problem. **Indeed, a year-to-date figure on a current pay stub may be considered to be evidence of payment sufficient to satisfy the statute even without such a motion.**

*Trying to Make Sense Out of Nonsense: Representing Consumers Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005*, 79 AM. BANKR. L.J. 191, 212-213 (2005) (emphasis added).

*In re Luders* is especially relevant to the instant case and provides an initial starting point for the Court's consideration of what constitutes "other evidence" sufficient for the requirements of Section 521(a)(1)(B)(iv).  In *Luders*, one payment advice was missing for Mr. Luders and two for Mrs. Luders.  However, the pay stubs that were submitted to the Chapter 13 trustee contained

– 8 –

year-to-date information, which included their total earnings over the sixty-day prepetition period.  Like the Debtor in the instant case, neither Mr. or Mrs. Luders requested an extension of time under 11 U.S.C. § 521(i)(3) in which to file their payment advices.  Accordingly, the Chapter 13 trustee requested an automatic dismissal of the debtors' case for failure to file documentation.  The court in *Luders* concluded that the year-to-date information contained on the timely submitted pay stubs constituted "other evidence of payment" in satisfaction of § 521(a)(1)(B)(iv) and declined to dismiss the case. 356 B.R. at 674.

In the case at hand, the Debtor cites a similar circumstance: she is missing several pay stubs and has failed to request an extension of time by which to secure them.  On the facts before this Court, there is no reason to suggest that the missing pay stubs will differ substantially from those already before the Trustee.  During the relevant time period, the Debtor was a retail worker, paid weekly, at a fixed rate of $8 an hour.  There is no reason to believe that her weekly income varied significantly during this period.  The limited number of working hours available to Debtor, and whatever overtime arrangements, if any, she is entitled to fixes her income potential within a predictable range of variation.  Therefore it is unlikely that the missing pay stubs would yield information substantially different from that which the Trustee could infer from the documents before him.  Thus, this Debtor's employment situation is different from other possible situations where debtors may have an irregular income stream (perhaps through tips, a commission or the occasional large sale), and where a missing payment advice may mask a substantial gain to the debtor.  Thus, in this case, there is no basis for a belief that the submitted pay stubs are not a reliable basis to conclude the amount of the missing pay stubs.

An even stronger reason why the "other evidence" provided in this case should suffice is because, as noted above, year-to-date figures on a current pay stub may be considered

independently to constitute sufficient "other evidence" of payment. *See, e.g., In re Luders*, 356 B.R. at 673-74; Sommer, *supra*, 79 AM. BANKR. L.J. at 213. While the record before the Court does not indicate the precise nature of the information contained on the pay stubs submitted to the Chapter 7 Trustee[2], the nature of her employment strongly suggests that the Chapter 7 Trustee should be able to deduce the amount of the missing pay stubs from those before him. Moreover, the Debtor attested that this was so in her Affidavit. There is no evidence before this Court to cast doubt upon the Debtor's sworn and unrebutted testimony. On the contrary, the amount of pay the Debtor claims appears to be credible and reasonable when viewed together with the remaining pay stubs and the nature of her employment. Under a totality of the circumstances in this case, the Court is satisfied that the Debtor has timely supplied the Chapter 7 Trustee with sufficient "other evidence" to satisfy the requirements of § 521(a)(1) (B)(iv).

Lastly, it is relevant to the Court's decision in this case that the value of the additional information contained in the missing pay stubs to both the interests of the creditors and the Chapter 7 Trustee's administration of the Debtor's estate is likely to be small and disproportionate to the additional costs and burdens that the Debtor would have incurred in securing the additional information. As noted above, any potential variation or discrepancy in the missing pay stubs is likely to also amount to a small sum with little, if any practical significance to her creditors or the disposition of her estate. The Debtor has indicated that she "may have great difficulty" attempting to obtain copies of the missing pay stubs from her former employer. Affidavit, ¶6. It is likely that the Debtor's attorney would have been required to expend time (charged to the Debtor) to secure the missing payment advices. Thus, equity and

---

[2]    Because General Order M-315 directs that payment advices should not be filed on the court docket, the payment advices in question are not a matter of record. Neither party submitted copies of the pay stubs for the Court's review. Thus, the Court's decision is based on the agreed and undisputed facts of the parties.

efficiency suggest that the documentation submitted prior to the 45-day period was sufficient under the circumstances of this case and favor allowing Debtor's case to proceed.

## **Conclusion**

For the foregoing reasons, the Request for Dismissal is denied. The Court will issue a separate order consistent with this decision.

Dated: Poughkeepsie, New York  
     April 23, 2007                     /s/ Cecelia Morris  
                                          CECELIA G. MORRIS  
                                          UNITED STATES BANKRUPTCY JUDGE